CELIA PORES, Respondent, *v.* H. BLUMENBERG, INC., et al., Appellants.

(Argued October 17, 1928; decided October 26, 1928.)

*Charles J. McDermott* for appellants. There is nothing in this case warranting a judgment against the individual defendant. (*Knowles* v. *City of New York*, 176 N. Y. 430; *Urtz* v. *Railroad Co.*, 202 N. Y. 170; *Bank* v. *Wheelock*, 82 N. Y. 118.) The motions to dismiss the complaint should have been granted. (*Fielder* v. *Darrin*, 50 N. Y. 437; *Morrison* v. *Verdinal*, 53 Hun, 63; *Lydecker* v. *Verdinal*, 126 N. Y. 630; *Palen* v. *Johnson*, 50 N. Y. 49; *Wheelock* v. *Lee*, 64 N. Y. 242.)

*Maxwell Arent* and *Frank Comesky* for respondent.

*Per Curiam.* The defendant agreed to loan to the plaintiff the sum of twenty thousand dollars to be secured by a first mortgage on plaintiff's property. The plaintiff agreed that the lender might charge the sum of three thousand dollars and might retain that amount out of the twenty thousand dollars loaned. The transaction has been carried out exactly as the parties agreed. At the time of closing the lender handed to the plaintiff a check for twenty thousand dollars which the plaintiff then indorsed and handed back to the lender's attorney. At the direction of the plaintiff and in her behalf he disbursed the moneys loaned to the plaintiff, retaining only the sum of three thousand dollars. The statement of the disbursements describes the three thousand dollars as a fee and brokerage to the attorney.

Apparently the agreement that the lender might retain three thousand dollars as a charge for making the loan was usurious, but the mortgage has been paid by a subsequent purchaser of the real property. Concededly, lapse of time has barred any action brought in accordance

with the provisions of section 372 of the General Business Law to recover the moneys which have been wrongfully exacted for the loan. Uncontradicted evidence produced by the plaintiff herself shows that she has received from the lender or that the lender has paid in her behalf all the moneys which it was agreed that she should receive from the loan. No basis in law remains for any recovery by the plaintiff at this time.

The judgment of the Appellate Division and that of the Trial Term should be reversed and complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment reversed, etc.